UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOUISE SHASGUS as Guardian of Leslie Ann Shasgus,

                    Plaintiff,                            **Hon. Hugh B. Scott**

                                                         08CV180A

                    v.                                   **Order**

JANSSEN, L.P.,
JOHNSON & JOHNSON,
ECKERD CORPORATION and
ECKERD'S PHARMACY,

                    Defendants.

_____

Before the Court are several motions. First is defendants' motion to compel plaintiff to provide initial disclosures under Rule 26(a) and to compel plaintiff to execute a stipulation and protective order (Docket No. 14[1]). Responses to this motion were due on or before March 18, 2009, and any reply was due on or before March 25, 2009, with the motion deemed submitted without oral argument on March 25, 2009 (Docket No. 13). Next, plaintiff filed a motion for extension of the Amended Scheduling Order (Docket No. 10) to extend the expert disclosure and subsequent deadlines (Docket No. 17).

_____

[1]An earlier attempt to file this motion, Docket No. 12, was terminated due to ECF omissions.
    In support of this motion, defendants filed their counsel's affidavit with exhibits, Docket No. 12; they did not file a reply. In opposition, plaintiff filed her attorney's affidavit, with exhibit, Docket No. 15.

BACKGROUND

This is a removed personal injury action (see Docket No. 1, Notice of Removal; see also Docket No. 14, Defs. Atty. Aff. ¶ 5, Ex. D). A Scheduling Order was issued on August 19, 2008 (Docket No. 8; see also Docket No. 14, Defs. Atty. Aff. ¶ 6, Ex. E; Docket No. 10, Am. Scheduling Order), but defendants complain that plaintiff had not furnished initial Rule 26(a) disclosure (Docket No. 14, Defs. Atty. Aff. ¶ 8).

Plaintiff responds that she served the initial disclosure and executed the Stipulation and Protective Order (Docket No. 15). Defendants filed the Stipulation and Protective Order (Docket No. 16).

DISCUSSION

I.      Discovery Motion

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ." Fed. R. Civ. P. 26(a)(1)(B). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an

order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record.  Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

> Under Rule 37(a)(5)(A), if the motion to compel is granted, the Court
>
> "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising such conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(5)(A).

The fact that the opponent served discovery in face of motion to compel does not eliminate motion or sanctions thereunder, see id. (the court "must . . . require the party" whose conduct necessitated the motion to pay reasonable motion expenses).  Here, plaintiff provided her initial disclosure and executed the confidentiality agreement defendants sought.  There was a six-month delay from issuance of the initial Scheduling Order to when defendants made their motion (and when plaintiff ultimately served her disclosure).  Plaintiff argues that an earlier extension of the schedule should excuse her untimely submission of initial disclosure (see Docket No. 15, Pl. Atty. Aff. ¶ 6), but this does not show that the failure to disclose here was substantially justified or provide other circumstances that would make a fee sanction unjust, id. R. 37(a)(5)(A)(ii), (iii).

While motion is deemed moot by the production made in the face of the motion, defendants are entitled to recover their reasonable attorneys' fees. Therefore, defense motion as to recover fees is **granted**; defense counsel is to submit an application for recovery of fees within five (5) business days of entry of this Order. Plaintiff may respond to this application within ten (10) business days of entry of this Order. The Court will deem the fee application submitted after the ten business days.

II.     Extension of the Schedule

Plaintiff seeks a brief extension of the expert disclosure deadline, until April 17, 2009, in order to complete her production of her expert disclosure (from the scheduled deadline of March 31, 2009) (Docket No. 17, Pl. Atty. Aff. ¶¶ 4-5). That request is **granted**; plaintiff shall identify any expert witnesses by **April 17, 2009**; defendants shall identify any expert witnesses by **June 5, 2009**. As a result, discovery deadline (currently June 30, 2009) is now **July 17, 2009**; referral to mediation shall terminate on **September 4, 2009** (formerly it was to end on August 14, 2009); and dispositive motions (if any) are due no later than **October 19, 2009**.

CONCLUSION

For the reasons stated above, defendants' motion to compel (Docket No. 14) is **deemed moot** by plaintiff's production in the face of the pending motion and defense motion as to recover fees is **granted**; defense counsel is to submit an application for recovery of fees within five (5) business days of entry of this Order. Plaintiff may respond to this application within ten (10) business days of entry of this Order. The Court will deem the fee application submitted after the ten business days.

Plaintiff's motion for extension of the Amended Scheduling Order (Docket No. 17) is **granted**. The Amended Scheduling Order (Docket No. 10) is amended further, plaintiff shall identify any expert witnesses by **April 17, 2009**; defendants shall identify any expert witnesses by **June 5, 2009**.

The parties' Stipulation and Protective Order (Docket No. 16) is **so ordered**.

So Ordered.

_/s/ Hugh B. Scott_

Honorable Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
April 3, 2009