UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOUSIE SHASGUS, as Guardian of
Leslie Ann Shasgus,

                                Plaintiff,

                                                        **Hon. Hugh B. Scott**

                                                        08CV180A

                        v.                              **Order**

JANSSEN, L.P.,
JOHNSON & JOHNSON,
ECKERD CORPORATION, and
ECKERD'S PHARMACY,

                                Defendants.

Before the Court was defendants' motion to compel production of plaintiff's initial

disclosures, pursuant to Fed. R. Civ. P. 26(a)(1)(effective Dec. 1, 2007), execution of a

stipulation and protective order, and for reimbursement of its reasonable motion expenses

pursuant to Rule 37(a) (Docket No. 14). Plaintiff responded indicating that she had responded or

executed the stipulation (Docket Nos. 15, 16). This Court granted defendants' motion or deemed

moot the requests to produce (Docket No. 18) and ordered that defendant submit an application

for its reasonable motion expenses within ten days of entry of that Order (id. at 4, 5). The Court

subsequently so ordered the parties' stipulation and protective order (Docket No. 20; see Docket

No. 18, Order at 5), and granted plaintiff's motion to extend the schedule in this case (Docket

No. 19; see Docket No. 18, Order at 4, 5).

Defendants have submitted a timely application through their attorney's affirmation

(Docket No. 22), which is now before the Court. The Court then allowed plaintiff to file a

response to this application by April 17, 2009 (see Docket No. 18, Order at 4), and plaintiff filed

her timely objections (Docket No. 23). This fee application was deemed submitted on April 17,

2009. Familiarity with the prior Order (Docket No. 18) is presumed.

## BACKGROUND

This is a removed personal injury action in which defendants contended that plaintiff had

not furnished initial Rule 26(a) disclosures or execute a stipulation and proposed protective

order.

*Fee Application*

Defendants here claim $768.50 in attorney's fees as the reasonable motion expenses

incurred in making its motion to compel, with counsel claiming a total of 2.9 hours in drafting

the moving papers, at a rate of $265 per hour (Docket No. 22, Def. Atty. Affirm. ¶¶ 7, 4-5, 6).

Defense counsel does not state his relative experience and experience in federal court to justify

the $265 per hour rate stated, but plaintiff's objections are directed at the amount of time and

level of professional work claimed in this application (Docket No. 23, Pl. Atty. Affirm. ¶¶ 3-5).

In particular, plaintiff objects that the functions stated in ¶ 4a. of the defense counsel's

affirmation (for .3 of an hour) merely describes clerical functions "requiring minimal direction to

individualize the notice," that ¶ 4b. and c. of that affirmation (totaling 2 hours) "consists mostly

of a typical chronological [recitation, sic] of events without any legal research noted," and that

¶ 4d. and e. (totaling .6 of an hour) merely state activities preparing exhibits and arranging for

electronic filing of the motion, again administrative staff duties rather than attorney functions (id.

¶¶ 4-5). Plaintiff argues that the fees sought are not reasonable and requests that the fee be

reduced (id. ¶ 6), concluding that 2.3 hours of defense counsel's time was not reasonable (id. ¶ 4).

DISCUSSION

I.       Reasonable Motion Expenses

Under Federal Rule of Civil Procedure 37, the movant is entitled to recover its reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here). In calculating the "presumptively reasonable fee" this Court "should generally use the

3

prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" <u>Arbor Hill</u>, <u>supra</u>, 493 F.3d at 111.

Here, plaintiff failed to make these initial disclosures and later produced them in the face of the defense motion to compel. As previously stated (Docket No. 18, Order at 3-4), under Rule 37(a) the fact that the opposing party produces in the face of a motion to compel does not eliminate sanctions, Fed. R. Civ. P. 37(a)(5)(A) (the court "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion" pay reasonable motion expenses). Defendants as the prevailing movants for a discovery motion are entitled to recover their reasonable motion expenses (including attorney's fees) under Rule 37(a)(5)(A) and (a)(3)(A) (party seeking disclosure may move to compel and for appropriate sanctions). Plaintiff is not arguing either that her failure to produce was substantially justified (<u>see id.</u> at 3) or point to other circumstances that generally would make an award of expenses here unjust, <u>see id.</u> R. 37(a)(5)(A)(ii), (iii). The issue then is whether defendants' application for $768.50 in attorneys' fees, particularly whether the amount of time claimed by defense counsel, is reasonable for a motion to compel otherwise automatic initial disclosure.

Defendants submitted an eighteen paragraph supporting attorney's affidavit and twelve exhibits. The Court agrees in the most part with plaintiff's assessment of the level of work claimed by defense counsel and find that it is not reasonable to charge attorney's billing rates for administrative and clerical work, even if that work were performed by counsel. Plaintiff seeks to eliminate the entire time performed by defense counsel in its application. This goes too far; defendants' work should be acknowledged but not to the extent claimed. Another way to reduce this is to reduce the rate of clerical or administrative work from that of attorney's billing rate.

But plaintiff does not object to the rate charged and no one has stated what the reasonable rate would be for clerical or administrative work. Thus, the amount of time claimed by defendants will be reduced, but not to the extent plaintiff seeks.

As for the first category of work stated in defense counsel's affirmation (Docket No. 22, Def. Atty. Affirm. ¶ 4a.), defendants will get credit for **the full amount of the .3 of an hour** claimed. But as for the 2 hours total for drafting the affidavit and supplement to the notice of motion and affidavit (Docket No. 22, Def. Atty. Affirm. ¶ 4b., c.), that time will be reduced to **1 hour**. Plaintiff is correct that the full amount of attorney's time claimed for assembling exhibit (Docket No. 22, Def. Atty. Affirm. ¶ 4d.) and finalizing papers for electronic filing (Docket No. 22, Def. Atty. Affirm. ¶ 4e.) totaling .6 of an hour should be reduced and the reasonable amount is **.3 of an hour**. Therefore, the total reasonable time to be awarded here is for **1.6 hours**; at counsel's rate of $265 per hour, the reasonable fee now is **$424**.

II.    Party Responsible

One last issue is which party, plaintiff or her counsel or both, should be responsible for these moving expenses. Under the Federal Rules, the attorney may also be held responsible even if she is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(5)(A) (effective Dec. 1, 2007). Attribution of the sanction was not raised by defendants. There is no indication in the record that plaintiff or her counsel is more at fault for failing to provide initial disclosure. Therefore, **both plaintiff and her counsel jointly** are responsible for paying the reasonable motion costs set forth in this Order.

CONCLUSION

For the reasons stated above, defendants' fee application (Docket No. 22) for their previous motion to compel plaintiff to produce initial disclosure (Docket No. 14) is **granted in part**; defendants are entitled to recover $**424.00** payable **jointly by plaintiff and her counsel**. The Court finds that this amount is a reasonable amount for motion expenses and that the higher amount sought by defendants was not reasonable.

So Ordered.

_/s/ Hugh B. Scott_
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 29, 2009