UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LOUISE SHASGUS as Guardian of Leslie
Ann Shasgus,

       Plaintiff,

                   **Hon. Hugh B. Scott**

    v.

                   **08CV180A**

                   Report
JANSSEN, L.P.,                 &
JOHNSON & JOHNSON,           Recommendation
ECKERD CORPORATION and
ECKERD'S PHARMACY,

       Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 4). The instant matter before the Court is defendants' motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure 41(b) or 16(f)(1), seeking costs pursuant to Rule 16(f)(2) (Docket No. 25[1]). Responses to this motion were due on or before July 17, 2009, and any reply was due on or before July 28, 2009, with the motion deemed submitted without oral argument on July 28, 2009 (Docket No. 26).

Plaintiff concedes in her response that dismissal of this action is appropriate (see Docket No. 27, Pl. Atty. Aff. ¶ 7), but contests whether it is appropriate for defendants to recover their

---

[1]In support of this motion, defendants filed their counsel's affidavit with exhibits and defendants' memorandum of law, Docket No. 25, and their reply, Docket No. 29. In opposition, plaintiff filed her attorney's affidavit, with exhibit, Docket No. 27.

attorneys' fees and costs for making this motion (id. ¶¶ 8-9). Thus, the issue here is whether defendants should be awarded costs for this motion.

## BACKGROUND

This is a removed personal injury action (see Docket No. 1, Notice of Removal; see also Docket No. 14, Defs. Atty. AFf. ¶ 5, Ex. D). A Scheduling Order was issued on August 19, 2008 (Docket No. 8; see Docket No. 25, Defs. Atty. Aff. ¶ 8), and later amended (Docket No. 10, Am. Scheduling Order; Docket No. 19 (extending plaintiff's expert disclosure deadline); see Docket No. 25, Defs. Atty. Aff. ¶¶ 9, 11, 13).

Defendants argue that plaintiff has not taken steps to prosecute this action, failing to respond to discovery demands, identify experts, or making initial disclosures, requiring defendants to move to compel their production[2] (Docket No. 25, Defs. Memo. at 2; Docket No. 25, Defs. Atty. Aff. ¶¶ 18, 24). They seek dismissal, either under Rule 41(b) or as a sanction for disobeying Court Orders under Rule 16(f) or as a discovery sanction under Rule 37(b)(2)(C) (Docket No. 25, Defs. Memo. at 2) as well as recovery of their costs in making this motion (id. at 9-10).

Defendants recount their motion to compel (Docket No. 25, Defs. Atty. Aff. ¶ 10; see Docket No. 14), noting that this Court issued an Order finding that production was made in the face of this motion and awarded sanctions to defendants (which have yet to be paid[3]) (Docket No. 25, Defs. Atty. Aff. ¶¶ 12, 14-15). On March 31, 2009, defendants served various discovery

---

[2]Defendants also note plaintiff's failure to state their demand under New York CPLR 3017(c), delaying defense motion to remove, Docket No. 25, Defs. Atty. Aff. ¶¶ 5-7.

[3]In response, plaintiff's counsel states that payment has been made as of July 15, 2009, Docket No. 27, Pl. Atty. Aff. ¶ 7.

demands upon plaintiff's counsel (id. ¶ 16, Ex. E), without any response from plaintiff (id. ¶ 17). They conclude that plaintiff "has caused delay in every aspect of this matter," with the only discovery conducted being the production of initial Rule 26(a) disclosure (after the motion to compel) (id. ¶ 20) and plaintiff's full medical record has not been obtained or reviewed because plaintiff has not executed the necessary authorizations for their release (id.). Defendants contend that this Court's Scheduling Order and its amendments were disregarded by plaintiff, thus sanctionable under Rule 16(f) with the ultimate sanction of dismissal of the action (Docket No. 25, Defs. Atty. Aff. ¶¶ 22-26). They conclude that they were compelled to make this motion to dismiss and thus are also entitled to costs and attorneys' fees under Rule 16(f)(2) (id. ¶ 28).

Plaintiff responds that she initially choose to commence this action in New York State courts, where expert expenditures would have occurred at the trial phase rather than earlier in the discovery period as is in federal courts (Docket No. 27, Pl. Atty. Aff. ¶¶ 6, 7). Plaintiff advised her counsel not to incur expert expenses or to further discovery expenses (id. ¶ 7), and plaintiff would bear the practical result of her decision and have this action dismissed (id.). Plaintiff, however, objects to paying defense counsel's fees for this motion and disputes the alternative source of sanctions under Rules 16 and 37 since those are intended to compel discovery, something not sought by defendants here (id. ¶ 8). Plaintiff's counsel stresses the otherwise meritorious nature of her claims despite her client's desire not to pursue them actively to show that the action was commenced in good faith (id. ¶¶ 3-5).

In reply, defendants argue that they are entitled to recover their motion costs (Docket No. 29, Defs. Reply at 2-4). As a Rule 16(f)(2) sanction, defendants conclude that this Court

3

"must" award recovery of reasonable motion expenses either "instead of or in addition to any other sanction" (id. at 4).

## DISCUSSION

I. Applicable Standards

Defendants move for dismissal for failure to prosecute under Rule 41(b) and for dismissal as a sanction under either Rule 16(f) or Rule 37(b)(2)(C). Dismissal of an action is the harshest sanction the Court can impose, United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 251 (2d Cir. 2004). Although all parties concede that dismissal is appropriate for this action, the authority for this dismissal (and, as a result, whether costs for the motion to dismiss can be recovered) is in dispute.

    A.    Rule 41(b) Dismissal

Under Rule 41(b), "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Unless the dismissal Order states otherwise, such a dismissal under this rule "operates as an adjudication on the merits," id. "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge," Merker v. Rice, 649 F.2d 171, 173 (2d Cir. 1981) (Docket No. 25, Defs. Memo. at 3).

While other portions of Rule 41 expressly provide for attorney's fees following dismissal of an action, see Fed. R. Civ. P. 41(a)(2) (attorney's fee as condition for voluntary dismissal), (d) (fees following a previously dismissed action), no such express provision exists for dismissal under Rule 41(b).

4

B.     Disobedience of Pretrial Orders and Discovery Sanction

Upon a motion or on its own, the Court may issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)," the discovery sanctions (including dismissal of an action, Fed. R. Civ. 37(b)(2)(A)(v)), if a party or attorney "fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(C). If sanctions are imposed under this rule "[i]nstead of or in addition to any other sanction, the court <u>must</u> order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust," <u>id.</u> R. 16(f)(2). Courts have dismissed actions under Rule 16(f) for a plaintiff's failure to comply with Scheduling Orders by missing deadlines without sufficient justification, see <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43 (1st Cir. 2002).

As noted in a previous Order (Docket No. 18, Order at 3), imposition of Rule 37(b) sanctions for failure to comply with discovery demands must be weighed in light of the full record. <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures</u>, 602 F.2d 1063, 1068 (2d Cir. 1979). Rule 37(b) calls upon the Court to make such orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(b). See <u>Reilly v. NatWest Markets Group Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), <u>cert. denied</u>, 528 U.S. 1119 (2000). Procedurally, under Rule 37 and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel or (as here) motion for sanctions for failure to produce.

II.   Dismissal for Failure to Prosecute

Here, all parties concede that plaintiff, through her inaction, no longer seeks to pursue this action. She instructed her counsel not to incur further expenses such as conducting or responding to discovery demands (see Docket No. 27, Pl. Atty. Aff. ¶ 7), in effect abandoning her claim. As a result, defendants' motion to dismiss **should be granted**. The issue here is under which rule, Rule 41(b) or Rules 16(f) and 37, should this dismissal be granted?

Rules 41(b), 16(f), and 37 each allows for dismissal of an action for failure to prosecute. Rule 41(b) does not have provision for awarding costs for making that motion, while either Rule 16(f) or Rule 37 has such a provision. Under Rule 41, costs are available where the plaintiff voluntarily dismisses the action as a term or condition of the dismissal, see Fed. R. Civ. P. 41(a)(2). Here, the dismissal sought is involuntary under Rule 41(b). At least one court has held that the district court, in its inherent authority, could impose attorney's fees as a sanction upon an involuntary dismissal. However, there had to be some factual predicate to indicate that plaintiff was less than diligent in prosecuting the case or complying with Orders before imposing the additional sanction of attorney's fees. Commonwealth of Pa. v. Flaherty, 40 F.3d 57, 62 (3d Cir. 1994) (citing Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66 (1980)). The Third Circuit in the Flaherty case considered whether an award of attorney's fees could be an alternative sanction to a Rule 41(b) dismissal, id. at 62; see also Trader v. Fiat Distributors, Inc., 476 F. Supp. 1194, 1202 (D. Del. 1979) (court's authority to award attorney's fee in lieu of dismissal from lesser sanctions to dismissal available to court, citations omitted); Schwarz v. United States, 384 F.2d 833, 836 (2d Cir. 1967) (suggesting attorney's fees as alternative to drastic remedy of dismissal in cases of inexcusable neglect by counsel), and held that the award

of fees was not warranted as an alternative to outright dismissal, Flaherty, supra, 40 F.3d at 62, 63, after rejecting a fee award under 42 U.S.C. § 1988 to intervening defendants as prevailing parties, Flaherty, supra, 40 F.3d at 60-62, 63.

Defendants, in seeking recovery of these costs, stress that dismissal here is pursuant to Rule 16(f) (see Docket No. 29, Def. Reply at 4), pointing to the Scheduling Order and its amendments that plaintiff has disregarded (Docket No. 25, Defs. Memo. at 8-9), although they argue for dismissal under all three rules including Rule 41(b).

This Court **recommends this dismissal under Rule 41(b)**, avoiding the issue of awarding defense costs. While plaintiff has disregarded Scheduling Order deadlines, those deadlines related to discovery and defendants here are not moving to compel this discovery. Rather, defendants conclude that plaintiff no longer wishes to prosecute this action (which plaintiff concurs from her attorney's response to this motion) and seek its dismissal. The dismissal of an action under Rule 41(b) as an adjudication of the merits against plaintiff is sufficiently severe a sanction that adding on motion costs would be unjust.

III. Costs

The general rule in the United States (absent legislation to the contrary) is for each party to bear their own attorneys' fees, Flaherty, supra, 40 F.3d at 60 (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975)); under the American Rule "prevailing parties are not entitled to fees, even where a full adjudication on the merits has taken place," Maynard v. Nygren, 332 F.3d 462, 471 (7th Cir. 2003) (emphasis in original).

Plaintiff disputes having to pay defendants' attorneys' fees and costs related to this motion (Docket No. 27, Pl. Atty. Aff. ¶¶ 8-9). As stated above, defendants' authority for that

7

additional sanction is either under Rules 16(f) and 37 or under the Court's inherent authority, see Flaherty, supra, 40 F.3d at 62. Defendants cite four cases in which attorneys' fees were awarded following an uncontested motion to dismiss (Docket No. 29, Defs. Reply at 3), see Tradescape.com, Inc. v. Shivaram, No. 00CV5178, 2003 U.S. Dist. LEXIS 380 (S.D.N.Y. Jan. 23, 2003); Zimmerman v. Aurora Loan Servs., No. C08-3731, 2009 U.S. Dist. LEXIS 1609 (N.D. Cal. Jan. 12, 2009); Ford v. SSI Lubricants, LLC, No. 8:07CV07, 2007 U.S. Dist. LEXIS 16052 (M.D. Fla. Mar. 7, 2007); Ford v. City of Cape Girardeau, Mo., 151 F.R.D. 116 (E.D. Mo. 1993), but these cases are distinguishable. None of these cases involve awarding fees after a dismissal under Rule 41(b) where the dismissal was for prejudice. In one case cited by defendants, the district court merely ordered defendant to file a separate motion for attorney's fees that, if plaintiff did not respond to, would be deemed unopposed, SSI Lubricants, supra, 2007 U.S. Dist. LEXIS 16052, at *2, and another case was a Rule 11 motion seeking sanctions and a motion to strike, Cape Girardeau, supra, 151 F.R.D. at 117. In Tradescape.com, the district court there awarded fees but from an intermediate date (when ordered discovery was due but not produced, using this as the date when plaintiffs were deemed to have abandoned their case) rather than from commencement of the action, disagreeing with defendants' assessment of the weakness of plaintiffs' claims, 2003 U.S. Dist. LEXIS 380, at *1-2. Finally, in Zimmerman, plaintiff stipulated to pay attorney's fee after dismissal of the action on defendant's unopposed motion as costs under Rule 54(d), 2009 U.S. Dist. LEXIS 1609, at *1-2.

Defendants at bar distinguish Cauley v. Wilson, 754 F.2d 769 (7th Cir. 1984) (see Docket No. 29, Defs. Reply at 2, 3; cf. Docket No. 25, Pl. Atty. Aff. ¶ 9). In Cauley, plaintiff voluntarily requested dismissal of his claims with prejudice and the Seventh Circuit held that fees could not

8

be awarded against plaintiff in that situation because "'defendant cannot be made to defend again,'" 754 F.2d at 772 (quoting Smoot v. Fox, 353 F.2d 830, 833 (6th Cir. 1965), cert. denied, 384 U.S. 909 (1966)). The district court's decision rested upon plaintiff's voluntary dismissal of his action, under Rule 41(a)(2), and the court's ability to condition that withdrawal, see id. at 770, 771. After noting that the purpose of awarding attorney's fees to defendants on a voluntary dismissal is to compensate them for unnecessary expenses caused by the litigation, the Seventh Circuit distinguished the voluntary from involuntary dismissal of action and the use defendant may have of its work product in defending a voluntary dismissal without prejudice. The court upheld the award of attorney's fees for voluntary dismissals because "the defendant may have to defend again at a later time and incur duplicative legal expenses" and the fee "should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim,"id. at 772. Such duplicate effort would not occur where the case is dismissed with prejudice or involuntarily, since plaintiff cannot relitigate the claim, see id.

Defendants cite this Court's decision in Zhao v. United States of America Dep't of Homeland Security, No. 06CV106, Docket Nos. 29, 30, 2008 U.S. Dist. LEXIS 1884, at *6 (W.D.N.Y. Jan. 10, 2008), and the statement that "this Court has broad discretion in preserving the integrity of its Scheduling Orders," id. (citing Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996)), as justification for sanctioning plaintiff here under Rule 16(f) and imposition of an award of fees (Docket No. 25, Defs. Memo. at 8). But the decision in Zhao upheld (upon a good cause showing) amendment of the Scheduling Order in that case, see Zhao, No. 06CV106,

9

Docket No. 30, Order at 5, and did not involve imposing sanctions for breaching the Scheduling Order.

Courts have imposed attorneys' fees where the plaintiff has disregarded Orders or failed to appear repeatedly at depositions, and engaged in such conduct over a prolonged period, see Sterling Promotional Corp. v. General Accident Ins. Co., 212 F.R.D. 464, 469-70 (S.D.N.Y. 2003), aff'd, 86 Fed. Appx. 441 (2d Cir. 2004), but these fees were awarded under Rule 37. In another case, on the day of jury selection plaintiff refused to go forward, giving several excuses the district court rejected as invalid. Plaintiff, prior to this, amended the complaint to allege claims that later were found to be time barred. Plaintiff did not participate in discovery. She instructed local counsel and her main counsel not to proceed with jury selection and trial due to alleged inconvenience to plaintiff and her witnesses to appear at trial. The court then dismissed the action under Rule 41(b) for "the appalling refusal of the Plaintiff or her California counsel to pay the slightest heed to the orders of this Court" and imposed attorney's fees. Ingvoldstad v. Estate of Young, 95 F.R.D. 79, 80, 81 (D.V.I. 1982).

Comparing the circumstances in the case at bar with those in Ingvoldstad, this case is not as drastic as the egregious conduct in Ingvoldstad to justify the dual sanctions of dismissal and award of attorneys' fees. The fact that in the case at bar, the recommendation is for dismissal with prejudice, that sanction alone is sufficient and should not include also paying defendants' attorneys' fees in moving to dismiss this action. Here, plaintiff let discovery deadlines lapse and took no steps to prosecute this action. The appropriate sanction here would be dismissal of the action only with prejudice to her raising these claims later.

Therefore, it is recommended that **no award of attorneys' fees or other motion costs should be imposed upon plaintiff** under Rules 16(f) or 37. It is also recommended that the Court **decline to exercise its inherent authority** to impose an additional monetary sanction on the plaintiff.

## CONCLUSION

Based upon the above, it is recommended that defendants' motion to dismiss for failure to prosecute (Docket No. 25) be **granted pursuant to Federal Rule of Civil Procedure 41(b) with prejudice**. Defendants' application for recovery of motion costs and attorneys' fees associated with this motion should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      August 13, 2009